IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          Case No.: 23-cr-11-wmc

JESUS DALATHER CORONA,

        Defendant.

PRELIMINARY ORDER OF FORFEITURE

Based upon the motion of the United States, the entire file in this case, and good cause appearing, the Court finds that:

1. On February 1, 2023, a federal grand jury sitting in Madison, Wisconsin returned an Indictment against defendant, Jesus Dalather Corona. Count 1 of the indictment charged that on or about December 19, 2022, the defendant an alien, was found in the United States after having been removed, and not having obtained the express consent of the United States Attorney General or the Secretary of Homeland Security to reapply for admission to the United States, in violation of 8 U.S.C. §1326. Count 2 charged that on or about December 19, 2022, the defendant, knowing he had previously been convicted of an offense punishable by a term of imprisonment exceeding one year, knowingly and unlawfully possessed in or affecting commerce a loaded Taurus 9mm pistol, said firearm having previously traveled in and affected interstate commerce, in violation of 18 U.S.C. § 922(g)(1). The indictment also contained

a forfeiture allegation for the forfeiture of the firearm and ammunition involved in the commission of the offense, including, but not limited to a Taurus 9 mm pistol and 9mm ammunition. ECF No. 2.

2.  Pursuant to the plea agreement filed on May 19, 2023, the defendant agreed to the forfeit the assets seized by December 19, 2022.  ECF. No. 27.

3.  On June 5, 2023, the defendant pleaded guilty to Count 2 of the indictment.  ECF No. 28.

IT IS THEREFORE ORDERED:

1.  That based upon Jesus Dalather Corona's plea agreement, and pursuant to 18 U.S.C. § 924(d)(1); 28 U.S.C. § 2461(c); 21 U.S.C. § 853; and Rule 32.2 of the Federal Rules of Criminal Procedure, the defendant forfeits to the United States his right, title, and interest in the following:

> a. any firearms and ammunition involved in the commission of the offense, including, but not limited to a Taurus 9mm pistol and 9mm ammunition.

2.  The government is directed to seize and take custody of the above-referenced property.

3.  Pursuant to 21 U.S.C. § 853(n), as incorporated by 28 U.S.C. § 2461(c), the United States shall publish notice of the order and of its intent to dispose of property in such a manner as the Attorney General may direct. Any other person, other than the defendant, having or claiming a legal interest in any of the forfeited property must file a

petition with the Court within thirty days of final publication notice or receipt of actual notice, whichever is earlier.

    a.    The petition shall be for a hearing to adjudicate the validity of a petitioner's alleged interest in the forfeited asset, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited asset and any additional facts supporting the petitioner's claim and the relief sought.

    b.    To the extent practicable, the United States may also provide direct written notice to any person who has an alleged interest in the forfeited asset, as a substitute for published notice.

4.    Upon adjudication of any and all third-party interests, this Court will enter a Final Order of Forfeiture, pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

ORDERED this 6th day of June 2023.

WILLIAM M. CONLEY
United States District Judge